### SOUTHERN SURETY CO. *v.* NICHOLS.

### FIDELITY & DEPOSIT CO. OF MARYLAND *v.* SAME.

1. PRINCIPAL AND SURETY—LAW ALONE HAS JURISDICTION IN SUIT BY SURETY AGAINST PRINCIPAL FOR REIMBURSEMENT.
   Law alone has jurisdiction in a suit by a surety against his principal to have reimbursement; for such is an action in assumpsit to recover money paid for the use and benefit of the principal.

2. SAME—SUIT FOR CONTRIBUTION BY ONE SURETY AGAINST ANOTHER MAY NOT BE MAINTAINED UNLESS RELATION OF COSURETIES EXISTS.
   Where drain commissioners of three adjoining counties engaged in constructing a drain by joint action gave official bonds with different sureties thereon, and one of the sure-

---

[1]Principal and Surety, 32 Cyc. pp. 261, 262; [2]Id., 32 Cyc. p. 277.

ties paid orders issued by the commissioners which were declared illegal, it may not maintain a suit for contribution against the surety of one of the other commissioners who had contributed nothing, since the relation of co-sureties does not exist.

Appeals from Ogemaw; Smith (Guy E.), J.    Submitted April 13, 1927.    (Docket Nos. 97, 98.)    Decided June 6, 1927.    Rehearing denied October 3, 1927.

Separate bills by the Southern Surety Company of Des Moines, Iowa, and the Fidelity & Deposit Company of Maryland against James Nichols and others for contribution.    From a decree dismissing the bills, plaintiffs appeal.    Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* and *Lightner, Oxtoby, Hanley & Crawford,* for plaintiffs.

*James B. Ross, William T. Yeo,* and *John A. Stewart,* for defendants.

WIEST, J.    Plaintiff Southern Surety Company was sole surety upon the official bond of Robert C. Arn, drain commissioner for Iosco county.    Defendant James Nichols was drain commissioner for Ogemaw county, and defendants W. A. Chase, H. S. Karcher, W. H. Stark, and W. A. Prior were sureties on his official bond.    Defendant James P. Baikie was drain commissioner for Arenac county, and the Fidelity & Deposit Company of Maryland was sole surety on his official bond.    A drain was established by joint action of the drain commissioners of Ogemaw, Arenac, and Iosco counties, and a contract let for its construction. Drain orders were issued by the drain commissioners to the contractor, and, to the amount of $8,291.16, were purchased by the State Bank of Standish.    In a suit by a taxpayer, attacking the validity of such drain orders, the orders were adjudged to have been illegally issued, and the drain commissioners and the sureties

on their official bonds were held liable to the bank to the amount thereof. Under compulsion of that decree, plaintiff, as surety on the official bond of the drain commissioner of Iosco county, paid the bank $4,547.90, but by subsequent decree directing the treasurers of the three counties to pay plaintiff $2,994.31, will receive reimbursement to that amount. Claiming $1,553.59 paid out beyond such reimbursement, plaintiff seeks reimbursement from the three commissioners and contribution from the sureties on the official bond of the drain commissioner for Ogemaw county who have paid nothing.

A like suit by the Fidelity & Deposit Company of Maryland, surety on the official bond of the drain commissioner for Arenac county, was brought to obtain reimbursement and contribution. Both bills were dismissed in the circuit, and as the same issues are involved, the appeals are before us on a single record and will be decided in one opinion.

Plaintiff Southern Surety Company claims that, under the decree adjudging the drain orders illegal, there were nine defendants jointly liable, and the two who have paid the total liability should have contribution from the others. The remedy of plaintiff against the commissioners, if any, is for reimbursement in full, bears no relation to the rule of contribution of cosureties, and must be had at law and not in equity. Law alone has jurisdiction in a suit by a surety against his principal to have reimbursement; for such is an action in assumpsit to recover money paid for the use and benefit of the principal. Plaintiff can have no decree against the sureties on the official bond of the drain commissioner for Ogemaw county for contribution unless such sureties sustained the relation of cosureties to plaintiff on the official bond of the drain commissioner for Iosco county. It is elementary that the relation of cosureties cannot arise unless there

is a common principal.    Plaintiff was surety for the drain commissioner of Iosco county only, and the sureties on the bond of the drain commissioner for Ogemaw county were not plaintiff's cosureties in any sense.    Plaintiff's principal was not the principal of the defendant sureties.    If plaintiff Southern Surety Company desires to prosecute suit against its principal and the other commissioners for reimbursement, it may take an order transferring the suit in such respect to the law side of the court, with leave to amend the pleadings.    The Fidelity & Deposit Company of Maryland is granted the same leave.    Such election must be exercised within 20 days.

The decrees are affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.